# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| DATASCOPE CORP.<br>Plaintiff,<br>v.<br>VASCULAR SOLUTIONS, INC.,<br>Defendant. | Case No.: 00-CV-~~1369~~ 1639 JMR/FLN<br>**PROTECTIVE ORDER** |

It appearing that the parties hereto, by and through their respective counsel, have stipulated to the entry of the following Protective Order pursuant to Federal Rule of Civil Procedure 26(c), IT IS HEREBY ORDERED AS FOLLOWS:

DEFINITIONS

1. The term "Confidential Information" shall mean and include information contained or described in documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, depositions, transcripts of trial testimony and depositions, and any information derived therefrom deemed by any party to be confidential information belonging to it pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

2. The term "Documents" shall include but not be limited to correspondence, memoranda, bulletins, blueprints, specifications, patent applications, applications to the United States Food and Drug Administration, customer lists, or other matter identifying customers or potential customers, price lists or schedules or other matters identifying pricing, minutes, telegrams, letters, statements, canceled checks, contracts, invoices, drafts, books of account, work sheets, notes of conversations, desk diaries, appointment books, expense accounts,

OC-34224.1

FILED OCT 23 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

recordings, photographs, motion pictures, video tapes, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records), reports, data, instructions, disclosures, models, prototypes, and other writings.

3. The term "Counsel" shall mean outside counsel of record, and other attorneys identified below:

Oppenheimer Wolff & Donnelly
3400 Plaza VII Building
45 South Seventh Street
Minneapolis, Minnesota 55402

Gary Mohr
Assistant General Counsel
Datascope Corporation
14 Philips Parkway
Montvale, New Jersey 07645

Lyon & Lyon LLP
1900 Main Street, 6th Floor
Irvine, California 92614

Scott A. Benson (198419)
BRIOL & ASSOCIATES
3905 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

GENERAL RULES

4. Each party to this litigation who produces or discloses any documents, things, interrogatory answers, responses to requests for admissions, deposition or trial testimony, or other information which the producing party wishes to be subject to this Protective Order may designate and shall mark the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY." Information designated as "CONFIDENTIAL" will be limited

to information which the producing party reasonably believes to be non-public, proprietary or confidential information pursuant to Rule 26(c). Information designated "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" will be further limited to information which the producing party in good faith believes to comprise its most sensitive trade secrets or other confidential research, development, financial, or other commercial information.

5. In the event the producing party elects to produce documents and things for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all documents produced shall be considered as marked "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY." Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents as may contain protected subject matter with the appropriate confidentiality marking at the time the copies are produced to the inspecting party.

6. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information:

(a) said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Order; such designation shall be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription; a party shall have until sixty (60) days after receipt of the deposition transcript within which to inform the other parties to the action of the portions of the transcript designated "CONFIDENTIAL" or "CONFIDENTLAL - FOR ATTORNEY'S EYES ONLY," and the right to make such designation shall be waived unless made within the sixty (60) day period;

(b) the disclosing party shall have the right to exclude from attendance at said deposition, during such time as its Confidential Information designated as "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the Court reporter, and the person(s) permitted to view such information pursuant to paragraphs 8 or 10 below. Likewise, the disclosing party shall have the right to exclude from attendance at said deposition, during such time as its Confidential Information designated as "CONFIDENTIAL" is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the Court reporter, and the person(s) permitted to view such information pursuant to paragraphs 9 or 10 below; and

(c) the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY," as appropriate, and the original shall at the time of filing with the Court be sealed, identified as being subject to this Order, and not opened except by order of this Court.

7. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of Counsel for the parties or by order of the Court.

8. Information designated "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" shall be viewed by the receiving party only by such party's Counsel (as defined in paragraph 3) including its paralegals, clerks, support staff and clerical personnel, and by independent experts including stenographic and clerical employees associated with such independent experts.

Independent experts shall be defined to include only persons who are not current employees of a party, and who have been requested by Counsel to furnish technical or expert services or to give testimony with respect to the subject matter for the trial of this action, but grounds for objecting to an independent expert receiving information designated "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" shall not be limited by the above definition. However, the right of independent experts to receive information designated "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" shall be subject to the advance approval of such expert by the producing party or permission of the Court. The party seeking approval of an independent expert shall provide the producing party with the name of the proposed independent expert and with his or her curriculum vitae, as well as an executed copy of the form attached hereto as Exhibit-A, in advance of providing any confidential information of the producing party to the expert. Any objection by the producing party to an independent expert receiving confidential information must be made in writing within five (5) business days following receipt of the identification of the proposed expert. Confidential information may be disclosed to an independent expert if the five (5) business day period has passed and no objection has been made. The approval of independent experts shall not be unreasonably withheld.

9. Information designated "CONFIDENTIAL" shall be viewed by the receiving party only by such party's Counsel (as defined in paragraph 3), including their paralegals, clerks, support staff and clerical personnel, and by the additional individuals listed below, provided each such individual has read this Protective Order in advance of disclosure and has agreed, in writing, by executing a copy of the form attached hereto as Exhibit A, to be bound by its terms:

(a) Executives of a receiving party who are required to participate in policy decisions with reference to this action;

(b) Technical personnel of the receiving party who need to be consulted by Counsel, in the discretion of such Counsel, in preparation for trial of this action;

(c) Independent experts who have been approved pursuant to paragraph 8 above; and

(d) Stenographic and clerical employees associated with the individuals enumerated above.

10. With respect to documents designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof at or about the time such document was prepared may be shown the same.

11. The producing party has the burden to show the required good cause under Rule 26(c) to restrict access to information by use of either "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" designations. If a party receiving an item of information designated 'CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" reasonably believes that the information has been improperly designated, either as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY," the receiving party must provide an objection in a reasonable manner to the producing party, specifying the documents, information or other things whose designation is objected to, and the basis for the objection. The objection may be initially oral but must be confirmed in writing. The producing party must respond to the objection within five (5) business days after delivery of the objection. If the parties cannot reach agreement regarding the objected to designations, the objecting party shall have the right to bring before the Court the question of whether any particular information is properly designated.

12. All Confidential Information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY," by the producing or disclosing party, and any and all reproductions thereof, shall be retained in the custody of the outside counsel for the receiving party identified in paragraph 3, except that such material may be used in depositions or court proceedings as provided herein, and independent experts authorized to view such information under the terms of this Protective Order may retain custody of such copies as are necessary for their participation in this litigation.

13. Any documents produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are filed with the Court for any purpose and which are designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" shall be filed in a sealed envelope marked on the outside with the title of the action, and identification of each document within and a statement substantially in the following form:

> **"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**
> "This envelope (or container) containing the above-identified papers filed by (name of party), is not to be opened nor the contents thereof displayed or revealed except by Court Order or by agreement of the parties."

Such envelope shall not be opened except by order of the Court (excluding court personnel), and such contents shall not be made available to third par-ties or to the public.

14. The restrictions set forth in this Order shall not be construed:

(a) To preclude any party or its attorneys of record from making lawful use of information which was lawfully in their possession without restrictions prior to the receipt of information under this Protective Order; or

(b) To apply to information lawfully obtained by a party from any non-party to this action having the right to disclose such information; or

(c) To apply to information that has been or becomes part of the public domain by publication, a declaration under law, or otherwise, and not due to any unauthorized act or omission on the part of a receiving party.

15. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. Moreover, neither the failure to designate information in accordance with this Order nor the failure to object to a designation at a given time shall preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of documents or things, and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

16. In the event anyone shall violate or threaten to violate the terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such violation or threatened violation, and in the event the aggrieved party shall do so, the respondent, subject to the provisions of this Order, shall not employ as a defense thereto any claim that the aggrieved party possesses an adequate remedy at law. The parties and any other-person subject to the terms of this Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Order, notwithstanding any subsequent disposition of this action.

17. Immediately after entry of final judgment including appeals, or of dismissal in connection with this action, all documents and things or transcripts of deposition or trial, together with all copies thereof, which have been designated as including Confidential Information shall

be returned to the producing party or destroyed, provided that outside counsel identified in paragraph 3 may retain one copy of any and all documents and things or transcripts which contain Confidential Information for the purpose of any possible future dispute over alleged violation of this Protective Order or over any agreement, decision, decree, order or judgment disposing of all or part of this action. At the conclusion of the litigation any party may, at its option, destroy its own copy of any document, including Confidential Information.

18. Nothing in the foregoing provisions of this Protective Order shall affect any previous protective order or shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or relief from this Protective Order with respect to particular material designated as containing Confidential Information.

LYON & LYON, LLP

DATED: Oct. 6, 2000 By: John Kappos
John Kappos
Attorneys for Defendant/Counter-Plaintiff
VASCULAR SOLUTIONS, INC.

BRIOL & ASSOCIATES

DATED: Oct 14, 2000 By: [signature]
Scott A. Benson
Attorneys for Defendant/Counter-Plaintiff
VASCULAR SOLUTIONS, INC.

OPPENHEIMER WOLFF & DONNELLY, LLP

DATED: 10-9, 2000 By: ______________________

Edward M. Laine
Attorneys for Plaintiff
DATASCOPE CORPORATION

DATASCOPE CORPORATION

DATED: 10/16/00, 2000 By: ______________________

Gary Mohr
Assistant General Counsel
DATASCOPE CORPORATION

**SO ORDERED.**

Dated: Oct 23, 2000

Honorable Franklin L. Noel
United States Magistrate Judge

OC-34224.1